18-032

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

Funds Chairman, James J. White; Funds Treasurers, Stephen A. Cardi, Michael A. Gammino, III, and Henry Sherlock; THE IUOE LOCAL 57 HEALTH AND WELFARE FUND, Gregory E. Olson and Michael D'Ambra, Trustees; THE IUOE LOCAL 57 PENSION FUND, Edwin L. Sullivan, Jr. and Antonio B. Cardi, Trustees; THE IUOE LOCAL 57 ANNUITY FUND, Timothy E. Quillen and Antonio B. Cardi, Trustees; THE IUOE LOCAL 57 LEGAL SERVICE FUND, Gregory E. Olson and Stephen P. Lynch, Trustees; THE IUOE LOCAL 57 APPRENTICESHIP FUND, Timothy E. Quillen and Brad Bilodeau, Trustees; THE IUOE LOCAL 57 UNION ADMINISTRATION FUND, Timothy E. Quillen, Trustee; THE IUOE LOCAL 57 POLITICAL ACTION AND EDUCATION FUND, Timothy E. Quillen, Trustee; THE IUOE LOCAL 57 INDUSTRY ADVANCEMENT FUND, Michael A. Gammino III, Trustee; and THE IUOE LOCAL 57

*Plaintiffs*,

v.                                                                                                        C.A. No.

CONSTRUCTION EQUIPMENT RENTALS, INC.

*Defendant*.

## COMPLAINT

1. This is an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.,* brought on behalf of the International Union of Operating Engineers Local 57 ("IUOE Local 57") Health and Welfare Fund ("Health Fund"), the IUOE Local 57 Pension Fund ("Pension Fund"), the IUOE Local 57 Annuity Fund ("Annuity Fund"), the IUOE Local 57 Legal Service Fund ("Legal Fund"), the IUOE Local 57 Apprenticeship Fund ("Apprenticeship Fund"), the IUOE Local 57 Union Administration Fund ("Administration Fund"), the IUOE Local 57 Political Education and Action Fund ("PEAF"), and the IUOE Local 57 Industry Advancement Fund ("Advancement Fund") (hereinafter collectively "Funds") for damages and injunctive

       relief arising from unpaid and delinquent employee benefit contributions.

2. This court has jurisdiction pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and the Labor Management Relations Act, § 301, 29 U.S.C. §185(c).

3. Venue lies in this district pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), as the Plaintiffs seek to enforce an agreement entered into by the Defendant in Rhode Island and pursuant to LMRA § 301, 29 U.S.C. § 185(a) as IUOE Local 57 has a principal office at and is administered from 857 Central Avenue, Johnston, Rhode Island.

4. Plaintiff, James J. White, is the Chairman of the Funds.

5. Plaintiffs, Stephen A. Cardi, Michael A. Gammino III and Henry Sherlock, are Treasurers of the Funds.

6. Plaintiffs, Gregory E. Olson and Michael D'Ambra, are trustees of the Health Fund.

7. Plaintiffs, Edwin L. Sullivan, Jr. and Antonio B. Cardi, are trustees of the Pension Fund.

8. Plaintiffs, Timothy E. Quillen and Antonio B. Cardi, are trustees of the Annuity Fund.

9. Plaintiffs, Gregory E. Olson and Stephen P. Lynch, are trustees of the Legal Fund.

10. Plaintiffs, Timothy E. Quillen and Brad Bilodeau, are trustees of the Apprenticeship Fund.

11. Plaintiff, Timothy E. Quillen, is the trustee of the Administrative Fund and the PEAF.

12. Plaintiff, Michael A. Gammino III, is the trustee of the Advancement Fund.

13. Plaintiffs, James J. White, Stephen A. Cardi, Michael A. Gammino III, Henry Sherlock, Gregory E. Olson, Michael D'Ambra, Edwin L. Sullivan, Jr., Antonio B. Cardi, Timothy E. Quillen, Stephen P. Lynch, and Brad Bilodeau (hereinafter collectively "Trustees"), are "fiduciary" within the meaning of ERISA, 29 U.S.C. § 1002(21)(a) as they are appointed to oversee the Funds.

14. As fiduciaries, the Trustees are empowered to bring this action pursuant to 29 U.S.C. 1132(a)(3).

15. The Funds are "multi-employer plans" within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C, § 1002(37)(A) and "employee benefit plans" or "plans" within the meaning of Section 3(3) of ERISA, 29 U.S.C., § 1002(3).

16. The Funds have a principal office at and are administered from 857 Central Avenue, Johnston, Rhode Island.

17. The Funds are authorized to bring this action pursuant to 29 U.S.C. §1132(d)(1).

18. IUOE Local 57 is a "labor organization" within the meaning of the National Labor Relations Act, 29 U.S.C. § 152(5), and is a duly organized and recognized employee organization under 29 U.S.C. §1002(4).

19. IUOE Local 57 is authorized to bring this action pursuant to 29 U.S.C. 185(b).

20. The defendant, Construction Equipment Rentals, Inc., is a Rhode Island corporation with a principal place of business located in Dartmouth, Massachusetts (hereinafter "CER").

21. CER is an "employer" within the meaning of 29 U.S.C. § 1002(5) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. § 152(2), (6) and (7).

22. This Court has jurisdiction over any state law claims pursuant to 28 U.S.C. §1367.

## **COUNT I**

23. The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 21 as if set forth in full herein.

24. At all material times CER was obligated to make contributions to the Funds on behalf of certain employees pursuant to the terms of one or more collective bargaining agreements between it and IUOE Local 57.

25. The Funds are established and administered by agreements and declarations of trust, as amended.

26. At all materials times CER was bound by the terms of the agreements and declarations of trust, as amended, that establish and administer the Funds.

27. Pursuant to said collective bargaining agreements and the Funds' agreements and declarations of trust, CER must make contributions to the Funds on behalf of certain employees.

28. Pursuant to said collective bargaining agreements and the Funds' agreements and declarations of trust, CER must pay interest on all delinquent contributions from the date payment was due, plus reasonable attorney's fees, sheriff's costs and accounting and court costs.

29. Pursuant to said collective bargaining agreements and the Funds' agreements and declarations of trust, CER is obligated to timely report on a monthly basis the number of hours worked by employees who are members of IUOE Local 57.

30. Pursuant to said collective bargaining agreements and the Funds' agreements and declarations of trust, CER is obligated to permit audits of its employment records and

payroll records and any other documents necessary for the administration of the Funds.

31. CER failed and refused and continues to fail and refuse to allow an audit of its employment records and payroll records and any other documents necessary for the administration of the Funds.

32. CER must be ordered to allow an audit of its employment records and payroll records and any other document necessary for the administration of the Funds and/or produce its employment records and its payroll records and any other documents necessary for the administration of the Funds to the Funds so that hours can be verified, the contributions calculated and the Funds properly administrated.

33. The plaintiffs have suffered and continue to suffer irreparable harm.

34. The plaintiffs are likely to succeed on the merits.

35. CER has failed to make the required contributions to the Funds in violation of the collective bargaining agreements and the Fund's agreements and declarations of trust and Section 515 of ERISA, 29 U.S.C. § 1145.

## COUNT II

36. The plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 35 as if set forth in full herein.

37. At all material times CER was obligated to pay wages to employees pursuant to the terms of one or more collective bargaining agreements between it and IUOE Local 57.

38. The Funds are established and administered by agreements and declarations of trust, as amended.

39. At all materials times CER was bound by the terms of the agreements and declarations of trust, as amended, that establish and administer the Funds.

40. Pursuant to said collective bargaining agreements and the Funds' agreements and declarations of trust, CER is obligated to timely report on a monthly basis the number of hours worked by employees who are members of Local 57.

41. Pursuant to said collective bargaining agreements and the Funds' agreements and declarations of trust, CER is obligated to permit audits of its employment records and payroll records and any other documents necessary for the administration of the Funds.

42. CER failed and refused and continues to fail and refuse to allow an audit of its employment records and payroll records and any other documents necessary for the administration of the Funds.

43. The plaintiffs have suffered and continue to suffer irreparable harm.

44. The plaintiffs are likely to succeed on the merits.

45. CER must be ordered to allow an audit of its employment records and payroll records and any other document necessary for the administration of the Funds and/or produce its employment records and its payroll records and any other document necessary for the administration of the Funds to the Funds so that wages and hours can be verified and the Funds can be properly administrated.

WHEREFORE, Plaintiffs demand that judgment enter against the Defendant:

A. Awarding the Funds the following amounts:

　i. the unpaid contributions to the Funds;

　ii. interest on said unpaid contributions at a rate of 1.5% per month from the date payment was due; and

　iii. all costs and reasonable attorney's fees incurred by the Funds in connection with this action.

B. Order defendant to allow an audit of its employment records and payroll records and any other records necessary for the administration of the Funds.

C. Ordering such other and further relief as this court may deem just and proper.

Respectfully Submitted,
For the Plaintiffs,
By their attorney,

*/s/ Ryan C. Hurley*

_____

Ryan C. Hurley (7358)
Kiernan, Plunkett & Redihan
146 Westminster Street, 5th Floor
Providence, RI 02903
(401) 831-2900
(401) 331-7123 (FAX)
rhurley@kprlaw.com

DATED: June 28, 2018

U.S. Department of Labor
200 Constitution Ave., NW
Washington, DC  20210

Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

CERTIFICATE OF SERVICE

  I hereby certify that I caused a copy of the within complaint to be sent to the United States Department of Labor and the United States Department of the Treasury at the above listed addresses by certified mail in accordance with 29 U.S.C. § 1132(h).

6-28-18                                                                          */s/ Angelica L. Igliozzi*
_____        _____